UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

SAMUEL KATZ and SHELBY HINKLEY,

      Plaintiffs,

v.                                                           CASE NO.:  16-cv-40123

ROYAL SEAS INC.,

      Defendant.

_____

**NOTICE OF REMOVAL**

Defendant ROYAL SEAS CRUISES, INC. ("Royal Seas" or "Defendant"), erroneously named as "Royal Seas Inc.," pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the District Court, Milford County, Massachusetts to the United States District Court for the District of Massachusetts, Worcester Division.  In support of this Notice of Removal, Defendant states as follows:

**I.**    **Background**

1.    On or about June 28, 2016, Plaintiffs Samuel Katz and Shelby Hinkley filed a Complaint instituting this lawsuit in the District Court, Milford County, Massachusetts, Case No. 1666CV158 (the "Complaint").  A true and correct copy of the Complaint and the accompanying papers, including the Summons, is attached hereto as Exhibit A.

2.    The suit arises from eighteen alleged telephone calls to Plaintiffs' residential and cellular telephone allegedly placed by Defendant that Plaintiffs allege violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3.    On August 12, 2016, Defendant's registered agent was served in Florida by

certified mail with a copy of the Complaint and the Summons.

4.     Pursuant to the Summons, Defendant's answer in Milford District Court "must be delivered or mailed within 20 days from the date the Summons was delivered to you."

5.     Defendant now timely removes this action to this Court.

## II.   <u>Basis for Jurisdiction</u>

6.     This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a).  This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

7.     Plaintiffs' Complaint asserts violations of the TCPA.  *See generally* Ex. A (Complaint).  The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States.  As such, this Court has federal question jurisdiction over this matter.

8.     Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Thus, this Court has federal question jurisdiction.

9.     Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court.

### III. <u>Notice Given</u>

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the District Court, Milford County, Massachusetts.

### IV. <u>Removal is Timely Filed</u>

11.     This Notice has been timely filed within thirty (30) days of Defendants' receipt of the filed Complaint on August 12, 2016, as required by 28 U.S.C. § 1446(b)(2).

### V. <u>Pleadings and Process</u>

12.     As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings served upon Defendant are attached to this Notice of Removal as Exhibit A.  Pursuant to Rule 81.1(a) of the Local Rules of the United States District Court for the District of Massachusetts, Defendant will obtain certified or attested copies of the docket sheet and all pleadings in the state court action and will file them in this Court within twenty-eight (28) days.

### VI. <u>Venue</u>

13.     Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the District Court, Milford County, Massachusetts, which is in the same District as the United States District Court for the District of Massachusetts, Worcester Division.

### VII. <u>Non-Waiver of Defenses</u>

14.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, this Court has

jurisdiction over this matter, and Defendant ROYAL SEAS CRUISES, INC. hereby removes this action from the District Court, Milford County, Massachusetts, to this Court.

Dated: September 1, 2016               Respectfully Submitted,

PARTRIDGE SNOW & HAHN LLP

*/s/* Paul M. Kessimian
Paul M. Kessimian (BBO No. 660306)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 (FAX)
pk@psh.com

-and-

GREENSPOON MARDER, P.A.

Richard W. Epstein (Florida Bar No. 229091; motion for *pro hac vice admission forthcoming*)
Jeffrey A. Backman (Florida Bar No. 662501; motion for *pro hac vice admission forthcoming*)
Roy Taub (Florida Bar No. 116263; motion for *pro hac vice forthcoming*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140
Richard.Epstein@gmlaw.com
Jeffrey.Backman@gmlaw.com
Roy.Taub@gmlaw.com

*Attorneys for Defendant*
*Royal Seas Cruises, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 1, 2016, a true and correct copy of the

foregoing was served via Federal Express overnight delivery and electronic mail on:

John L. Fink, Esq.
18 Lyman St., Suite 208
J&N Professional Building
Westborough, MA 01581
(508) 433-0529
JFink@WestboroLawyer.com

*Attorney for Plaintiffs*

/s/ Paul M. Kessimian
Paul M. Kessimian